Next case for argument, 25-3055 from the Western District of Missouri, United States v. Malcolm Redmon Ms. Kersh May it please the Court We did receive the 28-J letters Thank you for letting me know, Judge I represent Malcolm Redmon today The Court asked the parties to please be prepared to discuss whether Mr. Redmon's claim is ripe for review in light of the recent decision in United States v. Mejia and whether he has experienced any harm from the community service condition that he is under In Mejia, citing Parrish v. Dayton, it said that ripeness revolves around two issues fitness, guards against judicial review of hypothetical or speculative disagreements and hardship, hardship to the parties if review is delayed Here, Mr. Redmon is serving a 14-month revocation sentence According to the Bureau of Prisons website, his release date is September 1, 2026 So he has approximately four and a half months left to serve on his revocation sentence By the time this appeal is decided, it could be possible that he's already released or will soon be released So he does face imminent harm He is in the same posture as Hinkledy was, as opposed to Mejia Well, Hinkledy, though, was where he was already out on release And I do think that's different because then it's sort of hanging over your head And the companion condition, which is employment, has already been implemented Here, we don't have So I guess my question is, is there something like that that you have in Mejia where he's like, oh, I'm already starting to get a job I need to get a job so I don't have this community service condition Oh, I'm spending time applying to these employers And that's what was completely missing in Mejia Because he's been getting out for, I think, 25 years He's going to be over 70 years old And so I'm looking for anything that shows that he's changed his primary behavior in light of this community service condition Well, I agree with your point that in Hinkledy he would have been subjected to the general employment requirement But he hadn't suffered any injury, in fact at least not according to the way the opinion reads There were no factual findings in Hinkledy that he'd failed to obtain employment He was going to be required or was starting to be required to do community service Or three, that he was going to go over the 400 limit You're right. It didn't say either way, actually It didn't say whether he had or not I think we went back into the briefs because it was my opinion I think we went back into the briefs and noticed that there was some hardship But we didn't mention it We mentioned that sort of in passing in the Mejia opinion But I guess my question sort of stands I get it that you want to be in the Hinkledy But is there anything here? Is there anything he changed? Is he going to the library at the prison and shooting off applications? Is there something that suggests that he's done something because he so fears the community service condition and wants to stay away from it that he's taking some action right now? Well, I don't believe there's anything that says he's taking action right now Where I disagree is that hardship would be only defined as being on community release approaching the 400-hour mark And then that's the only time it's right to challenge No, I agree And we recognize that in talking about Hinkledy Which is that if you're out there and you're already working Then at the very least you do have that imminent harm And I think maybe what might be of some help would be Would the Second Circuit get it right? I think the Second Circuit got it right But it depends on footnote 5 of Jimenez And what the Second Circuit said is We have this line of cases saying You can raise this on a motion to modify your revocation conditions Under, I think it's 3583E But then they realized it said that certain cases had been wrongly decided And there were certain issues that could not be raised In a motion to modify the conditions And so it opted, if I remember correctly, to be on the safe side And say you can raise this on direct appeal Well, and then of course it's adverse to you on the more than 400 hours So you'd have to rely on one thing you agree with And one thing you disagree with from the Second Circuit case Well, I think that's correct I'm focused on the 400-hour issue If we're talking more broadly than that, I don't know where we are Well, on the 400-hour issue That's the only one that I'm That's why I joined the request to have this addressed The Second Circuit ultimately decided no, there's not a problem with that Right And it said it didn't have any prior case law saying it's per se impermissible And Keldy did the same thing, implicitly at least But Hinkelty was at least willing to modify the condition To put in language that would say they must reconsider If he goes over 400 Do you think Hinkelty was wrong? No, I don't think Hinkelty was wrongly decided I just disagree that that's the only procedural posture That will guarantee you ripeness I feel like there doesn't have to be As far as I'm concerned, you're arguing against your own best interest Because the only way this ripeness is not an issue Is on the facial nature of the invalidity in the future That to me is a legitimate, debatable issue In which Hinkelty got it right and I think the Second Circuit got it right And Judge Strass is inclined to think that's wrong And Medea at least points in the other direction I agree with you That's the issue we wanted you to address I agree as to fitness, this is ripe for review All you have to do is look at the plain language of the condition And ask, does it meet that third prong of 3583D And does it comply with policy statements of the Sentencing Commission You know, ripeness is more than that Well, it's more than fitness, it's hardship Ripeness is an essential element of Article 3 As defined by the Supreme Court That's what we're talking about At least that's what I'm worried about I guess I read it differently Read what differently? I feel like Article 3 Wait, read what differently? The Constitution? My view of the Supreme Court? Case or controversy Pardon? Case or controversy under Article 3 Well, you're, you know, everybody You're like every other, frankly, losing litigant in the Supreme Court on Article 3 issues I disagree with that, your interpretation of Article 3 Well, my understanding is He would have a case or controversy Pardon? If he would not have a case or controversy, this Court would lose jurisdiction He's subject to a final order That's right Statutory right to appeal That's the question, this is a jurisdictional issue No, I don't believe this is a jurisdictional issue Because it has a live action Well, we think it is Well, I'm not You're not here to discuss Let's move on to the rest of the case Just real quickly So, I think this is what Mejia is all about I know that Judge Loken may disagree with parts of it But Mejia is all about the fact that you may have a justiciable issue eventually But you don't have one yet And so, I think that's sort of where there's disagreement I think you think, well, I don't have to show hardship because I've got a fit issue right now So I don't have to show any harm Which sort of violates the second element of rightness Whereas, I would say, no, you've got to satisfy both because of Article III I see what you're saying I think it That's what we wanted to discuss We wanted that discussed I apologize, I did my best I understand that These issues are Sometimes they're very, very fact-oriented and obvious And sometimes they're highly academic and almost speculative I will say that I ran across one case that may be helpful on this United States v. Romig, 933 F. 3rd, 1004 I can't hear I ran across one case that may be helpful United States v. Romig R-O-M-I-G 933 F. 3rd, 1004 I'll file a 28-J letter on that Thank you There, the defendant filed shortly before he was to be released Challenging a condition on whether he could be Whether he could associate to members of the gang Hell's Angels So even though he filed it before he was released He wasn't at that point saying you cannot be near Hell's Angels It still was bound to be right Thank you Mr. Hurts May it please the Court Ben Hurst for the United States I think we actually read Mejia a little bit broadly I guess that's probably not surprising I took away three factors, characteristics from Mejia I can't understand a word I don't know if it's diction or mumbling or nodding to the mic I'll do a better job, yeah I'm sorry I'll do a better job, I'll speak more clearly You can lift the mic a little bit We see three characteristics of the case in Mejia That are consistent and similar to this case And that we think counsel in favor of finding a lack of ripeness here First, here, as in Mejia There was a continuing period of incarceration It's distinct from Hinkle D as it's already been discussed Second, here, as in Mejia The defendant has to first satisfy a work condition If he's satisfied And one thing I want to point out, Judge Strauss Because I think it's responsive to one of your previous questions There's actually a work condition and a separate condition about supervised release So regardless of the community service condition Whether that's hanging over his head or not He still has to comply with a work condition that's separate So the supervised release condition regarding community service Doesn't add anything to the threat of harm Because if he doesn't either work and satisfy the work condition Or have an excuse from his probation officer He's going to be revoked anyway So in the government's position This issue is never ripe until we're up to the 400 That's correct, Your Honor That's correct You don't have any case before that Yeah, that's contrary to Mejia Because we said if you can show some harm You don't have to wait forever So if you're going out and getting jobs You're scared of the condition You're changing your primary behavior You've got a potential harm But all of that flows from the work condition itself The condition You've used up 300 or whatever And you go to the court and says Judge, I've been offered a job in another state There's a probation officer willing to let me do transportationally But in order to accept the job It will guarantee that I will use up more than 100 hours I need some relief from the 400 In order to take this job The government says, oh, you don't have standing You haven't used your 400 yet And I say, nonsense There are multiple responses to that, Your Honor First of all, to be very clear This condition does not require 400 hours of community service It doesn't even talk about community service exceeding 400 hours It's not like a mandatory minimum What's required is for him to satisfy the work condition In this scenario, Your Honor I anticipate the hypothetical is He's satisfying the work condition He can't get permission to get out of the work condition But if that's true If he's satisfying the work condition He never has to do any community service And it's never ripe It's only ripe if he fails to satisfy the work condition Satisfies the community service condition in lieu of The probation officer orders him to do so And the probation officer doesn't give him relief that he wants At that point Your position inclines me to conclude The condition is thought to be invalid, per se In this form Well, to respond to that, Your Honor Arbitrary and capricious on its face The condition The government's interpretation of it I will respond to that, Your Honor That the guidelines policy statement Doesn't even talk about burden on the defendant What it talks about is burden on the probation office And here the condition I don't care, Frank But it can't be invalid We can decide whether a condition is arbitrary and capricious Even though the sentencing commission has never thought about it Well, I don't take that to be the argument here And that's not even what Hinkleby says Hinkleby just says I'm just telling you what the government's position is leading me to conclude And I think, Sue, responding We clearly have authority to conclude that I won't be concerned in that instance About the presentation of that issue to the court But I will just say that that's You're presenting it, frankly That's what I'm telling you I don't think you want to I think you've reached out and stated a government position That may be nationwide policy But if it is, there are dark days ahead What I would say, Your Honor Is that the condition that the district court imposed Is work or have an excuse from a probation officer Or do up to 20 hours of community service per week As directed or approved by a probation officer That's what the district court did in this case If that's invalid It's invalid in no way I guess I'll put it this way If the court were to find this case unripe Until the $400 hour is approaching The $400 hour limit is approaching I think the practical effect would be the exact same as in Hinkleby So in Hinkleby, the court said All we're asking the district court to do Is modify the condition and reconsider this at $400 That's the position the government's taking in this case Why take a position that You probably win under Mejia So why take a position that goes even further And rewrites a rule we wrote three weeks ago To say it has to be $400 To be fair, Your Honor I came to this position reading Mejia I may have misread it And read it more broadly than the court intended What I understood was There's a work condition The defendant has to satisfy That's the same He's incarcerated That's the same Now I understand in Mejia I understand there's a threat of imminent harm It's hard for me to understand What the threat of imminent harm is Separate and apart from the work condition That's not being challenged here I think if somebody came in and said It doesn't have to be separate Because they're sort of tied together One is contingent on the other And so I think the idea is If you have undergone any kind of hardship Through either one of them Because they're tied together You may have a sufficient claim It's basically a straightforward Interpretation But analysis of all the Supreme Court precedent All our circuit precedent Which it pronged to Says you have to have suffered some harm Before we're going to review something I understand the point you're making on that But the harm doesn't go to the claim That's being made Which is that $400 is too many So the harm I disagree with that All I'll say, Your Honor That's the relief that was given And Hinkleby leads me to that conclusion Okay, now I want to ask you about an exchange that happened And I know this is going to So I'm not sure we actually have A community service condition here I just don't And I'll tell you why I read that exchange between the district court And counsel Where they say No additional community service And the court says Conditional community service Which is what the prosecutor said Now you could read that as Beyond the $400 But I actually think in context The better reading is In addition to the employment requirement Because the previous sentence in the transcript Talks about the employment condition So I wonder whether we can Just avoid all this Mejia stuff In this particular case And just remand and say Enter a modification to the written judgment That does not have a community service condition Because that's how I read the oral pronouncement I understand that It was challenging for us to understand as well I think I think the district court was confused About the objection that was being made It's hard for me to make heads or tails of that And that's how we came to the point of Well look, the written judgment imposes it The judge clearly intended to impose The same conditions that had previously been imposed Because that's the earlier statement in the transcript And so I think there was just some confusion But I understand the court's inclination Or the thrust of that question Of just being Where are we? Could we just get clarification on this By sending it back to the district court? Why didn't someone help the judge out at the time And get clarification in court? Then we wouldn't be talking about this issue I understand that point also, Your Honor All I can say I wasn't in that hearing Here's what I would say about it The defense counsel did make a very clear objection The response from the district judge was I think manifested a little bit of confusion At that point it would be hard for the district judge Or for the defense counsel Or for the prosecutor to go back in And try to get more than they'd already asked for So I can understand how we got to this position Clearly it led to this appeal But secondly, what's in the written judgment? The written judgment reimposes An almost exactly similar condition that was imposed Can we look at that? That's our evidence That's right, Your Honor That sentencing actually meant That's the position we've taken Our view is it's ambiguous What the district court said in the oral pronouncement The written pronouncement is evidence And that leads us into the challenging issues We have around the right to know Just if I could ask one more question To get to Judge Shepard's point It would have been really easy to clarify All you have to say is Your Honor, by additional You mean the 400 hours, right? That those stay And then anything in addition to that But nobody asked that question Instead we have sort of a blanket Like no additional community service No additional community service To the employment condition All I'll say, Your Honor I know I'm out of time Is that the 400 hours is not actually In the written judgment even And that's how we get to this place Is that it doesn't say anything about 400 hours That's a post Community service is in it Up to 20 hours per week But there's no discussion of a maximum Or a statutory minimum amount of community service He must serve And that's why we think the condition Is unripe to be considered I apologize for going way over my time We'd ask the Court to affirm in this case Thank you, Your Honor I'll give you a minute If I might Sometime during that minute Please address the thing I just had a conversation with counsel About the additional community service Language in the transcript Yeah Well, I think I think you're correct And that was our primary argument I skipped over it Because I was trying to address The ripeness issue But he did say No further community service I feel like Even if there was confusion As my colleague says That didn't get clarified Remand to clear it up That's a fairly simple way To clear up You know, exactly what the District Court Wanted to do But I think You know, strictly to comply with the statute 3583 This condition does need to Be consistent when sentencing commission policy And it isn't And it's a purely legal issue That I think you can reach now Thank you Thank you, counsel Like many cases It's tricky when you get to the Short strokes, so to speak And I can understand the confusion all around I think we all do And the argument has helped Straighten out or give us a path To help us find a path From here So thank you, counsel And we'll take it under advisement